1

2

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 JOSH WISE,                                    No.  2:21-CV-2267-TLN-DMC

12            Plaintiff,

13      v.                                       FINDINGS AND RECOMMENDATIONS

14 WALMART INC.,

15            Defendant.

16

17            Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the

18 court is Plaintiff's complaint, ECF No. 1.

19            The Court is required to screen complaints brought by litigants who have been

20 granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under this screening

21 provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22 malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23 from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B).

24 Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), the Court must dismiss an action

25 if it is determined that it lacks subject matter jurisdiction.  Because Plaintiff has been granted

26 leave to proceed in forma pauperis, the Court will screen the complaint pursuant to § 1915(e)(2).

27 Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has

28 subject-matter jurisdiction.

# I. PLAINTIFF'S ALLEGATIONS

Plaintiff names Walmart Inc. as the sole Defendant.  See ECF No. 1, pgs. 1-2.  In his complaint, Plaintiff claims harassment and intentional infliction of emotional distress based on the "combined effort of the other corporations and the FBI tortuous [sic] with prospective economic gain, negligence, and fraud."  Id., pg. 3.  Plaintiff alleges that VUDU, owned by Defendant, along with the Federal Government, and the Federal Bureau of Investigations ("FBI") have altered Plaintiff's video collection as demonstrated by some movies not being listed in Plaintiff's collection.  See id., pg. 1.  Plaintiff asserts that since 2018, when his previous devices were replaced, he has had difficulty choosing movies because "most devices signed in get blank images where the cover of the movies should appear" and that " no one know[s] what movies they are."  Id.  Plaintiff further alleges that several movies don't play after reloading several times but then it "finally plays after a few minutes," making Plaintiff's life difficult and frustrating.  Id.  Plaintiff also alleges Defendant attempted to murder him after he tried to commit suicide from the harassment he received by Defendant and Meta.com, T-Mobile Inc.,  Xfinity, Alphabet Inc., Google and Gmail products, and Door Dash.  See id.  Plaintiff seeks relief in the amount of $100 billion dollars for expenses incurred, pain and suffering, and punitive damages.  See id., pg. 4.

# II. DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  However, in order to survive dismissal for failure to state a claim, a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and "enough facts to state a claim to relief that is plausible on its face."  Id. at 555-56, 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id.

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3    (9th Cir. 1984).  When applied to a complaint, the term "frivolous" embraces both the inarguable

4    legal conclusion and the fanciful factual allegation.  See Neitzke, 490 U.S. at 325.  The court

5    may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal

6    theory or where the factual contentions are clearly baseless.  Id. at 327.  The court need not accept

7    the allegations in the complaint as true, but must determine whether they are fanciful, fantastic, or

8    delusional.  See Denson v Hernandez, 504 U.S. 25, 33 (1992) (quoting Neitzke, 490 U.S. at 328).

9    Plaintiff's complaint must be dismissed as patently frivolous.  Here, Plaintiff's

10   complaint is rambling and contains no credible claim for relief.  Plaintiff's allegations that

11   Defendant, along with the Federal Government, and the FBI have altered Plaintiff's video

12   collection are far-fetched.  Plaintiff's claims that Defendant attempted to murder him and that he

13   was harassed by Defendant and Meta.com, T-Mobile Inc., Xfinity, Alphabet Inc., Google and

14   Gmail products, and Door Dash are fantastical and simply not credible.  Plaintiff provides no facts

15   to substantiate any of these implausible allegations against Defendant.  Thus, Plaintiff has failed

16   to present an arguable basis in law and fact for which relief can be granted.

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1

**III.  CONCLUSION**

2          Based on the foregoing, as there appears to be no circumstances under which

3  Plaintiff can plausibly state a claim, the undersigned recommends this action be dismissed with

4  prejudice.

5          These findings and recommendations are submitted to the United States District

6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

7  after being served with these findings and recommendations, any party may file written objections

8  with the court.  Responses to objections shall be filed within 14 days after service of objections.

9  Failure to file objections within the specified time may waive the right to appeal.  <u>See</u> <u>Martinez v.</u>

10  <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

11

12  Dated:  October 18, 2022

13                                                          _____

                                                            DENNIS M. COTA
14                                                          UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28